WALTER D. GREEN, APPELLANT, *v.* THE TRUSTEES OF THE VILLAGE OF CANANDAIGUA, RESPONDENTS.

*Costs — when a claim of title to real property arises upon the pleadings — Code of Civil Procedure, sec. 3228.*

APPEAL from an order of a Special Term, entered in Ontario county, directing a retaxation of the plaintiff's bill of costs, and that the same be struck out and disallowed.

The court at General Term said : " This action was brought to recover damages which the plaintiff claims to have sustained by reason of the overflow and discharge of a sewer upon the lands of the plaintiff. Upon the trial the plaintiff recovered a verdict of six cents damages. The question presented is as to his right to recover costs. Section 3228 of the Code provides : ' The plaintiff is entitled to costs, of course, upon the rendering of a final judgment in his favor in either of the following actions : First. An action triable

by a jury, * * * in which a claim of title to real property arises upon the pleadings, or is certified to have come in question upon the trial.' It will be observed from the language quoted, that there are two cases provided for. One in which the claim of title to real property arises upon the pleadings; the other where it is certified to have come in question upon the trial. No certificate is filed in this case, and we have only to inquire as to whether a claim of title arises upon the pleadings. The complaint alleges that the plaintiff is the owner of the real estate described therein; that the defendant constructed a covered sewer in and through the village, into which flows the surface water from the streets of the village, with other highly offensive deleterious matter, and that the entire contents of the sewer are thrown upon the premises of the plaintiff, causing a nuisance and damaging his property, by which he has suffered great damage. The answer admits that the defendant is a municipal corporation, denies all the other allegations of the complaint, and sets up a defense that the alleged sewer is a natural water course, and that the village has used it for upwards of thirty years, and claims title adverse to the plaintiff. The case of *Kelly* v. *The New York and Manhattan Beach Railway Company* (reported in 81 N. Y., 233), was an action for trespass upon lands. The complaint alleged title and possession in the plaintiff. The defendant unlawfully entered upon the lands and deposited thereon large quantities of earth, sand and rubbish, for which the plaintiff claimed damages. The answer, among other things, specifically alleged that the plaintiff was not and is not the owner in fee or in possession of the premises. In that case it was held that the title to real estate arose upon the pleadings, and that the plaintiff was entitled to recover costs, notwithstanding he had not recovered the amount of fifty dollars. This case appears to us to be in point and controlling upon the question." * * *

*E. C. Beeman,* for the appellant.

*Chas. H. Paddock,* for the respondent.

Opinion by HAIGHT, J.; HARDIN, J., concurred; SMITH, P. J., not voting.

Order reversed, with ten dollars costs and disbursements.